IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**JUSTIN SAVAGE, Individually and on**                        **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                      No. 6:21-cv-6119-SOH

**UNITY SURVEILLANCE, INC.,**                                  **DEFENDANTS**
**and JONATHAN TERAUCHI**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Justin Savage ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendant Unity Surveillance, Inc., and Jonathan Terauchi (collectively "Defendant" and "Defendants"), he does hereby state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's policy and practice of failing to pay Plaintiff sufficient overtime wages under the FLSA and under the AMWA within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II.   JURISDICTION AND VENUE

4. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as his FLSA claims. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendant conducts business within the State of Arkansas.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

8. Defendant is headquartered in Hot Springs, and Plaintiff performed much of his work in Hot Springs. Therefore, the acts alleged in this Complaint had their principal effect within the Central Division of the Eastern District of Arkansas and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

10. Plaintiff is an individual and resident of Clark County.

11. Separate Defendant Unity Surveillance, Inc. ("Unity Surveillance"), is a foreign, for-profit corporation registered to do business in Arkansas.

12. Unity Surveillance's registered agent for service of process is Samir Sihan at 1401 Malvern Avenue, Hot Springs, Arkansas 71901.

13. Separate Defendant Jonathan Terauchi ("Terauchi") is an individual and resident of Arkansas.

14. Defendants, in the course of their business, maintain a website at https://www.unitycore.us/.

## IV. FACTUAL ALLEGATIONS

15. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

16. Defendant owns and operates a surveillance and tech security company.

17. Defendant performs work at client locations around the country.

18. Terauchi is a principal, director, officer, and/or owner of Unity Surveillance.

19. Terauchi took an active role in operating Unity Surveillance and in the management thereof.

20. Terauchi, in his role as an operating employer of Unity Surveillance, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

21. Terauchi, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

22. During the relevant time, Defendant had at least two employees who engaged in interstate commerce or in the production of goods for interstate commerce,

or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

23. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Original Complaint.

24. Within the three years preceding the filing of this lawsuit, Defendant has continually employed at least four employees.

25. Defendant was, at all times relevant hereto, Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA and the AMWA.

26. Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

27. Specifically Defendant employed Plaintiff as a salaried Installation Technician from February of 2021 to July of 2021.

28. Defendant also employed other salaried Installation Technicians within the three years preceding the filing of this lawsuit.

29. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

30. Plaintiff was classified by Defendant as exempt from the overtime requirements of the FLSA and the AMWA.

31. Other Installation Technicians were also classified by Defendant as exempt from the overtime requirements of the FLSA.

32. As a Installation Technician, Plaintiff's primary duties were to install surveillance hardware for Defendant's clients.

33. Other Installation Technicians had the same or similar duties as Plaintiff.

34. At all relevant times herein, Defendant directly hired Plaintiff and other Installation Technicians to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

35. At all times material hereto, Plaintiff and other Installation Technicians were entitled to the rights, protections, and benefits provided under the FLSA.

36. Plaintiff and other Installation Technicians did not have the authority to hire or fire any other employee.

37. Plaintiff and other Installation Technicians were not asked to provide input as to which employees should be hired or fired.

38. Plaintiff and other Installation Technicians did not exercise independent judgment as to matters of significance in carrying out their duties.

39. In carrying out their duties, Plaintiff and other Installation Technicians followed the policies and processes set by Defendant or others.

40. Plaintiff's and other Installation Technicians' duties were rote and routine, and they sought input from supervisors when their duties were not rote and routine.

41. Plaintiff's and other Installation Technicians' primary duty was not the application of systems analysis techniques and procedures to determine hardware, software or system functional specifications.

42. Plaintiff's and other Installation Technicians' primary duty was not the

design, development, documentation, analysis, creation, testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications.

43. Plaintiff's and other Installation Technicians' primary duty was not the design, documentation, testing, creation or modification of computer programs related to machine operating systems.

44. Plaintiff and other Installation Technicians were instructed by their supervisors or Defendant's customers which hardware to install and the specifications of such installation.

45. Plaintiff regularly worked more than 40 hours per week during the relevant time period.

46. Upon information and belief, other Installation Technicians also regularly worked more than 40 hours per week during the relevant time period and had similar schedules to Plaintiff.

47. Defendant did not pay Plaintiff or other Installation Technicians 1.5x their regular rate for hours worked over 40 each week.

48. At all relevant times herein, Defendant has deprived Plaintiff and other Installation Technicians of regular wages and overtime compensation for all hours worked.

49. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

### V. REPRESENTATIVE ACTION ALLEGATIONS

50. Plaintiff repeats and realleges all previous paragraphs of this Complaint as

though fully incorporated in this section.

51. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

  A. Overtime premiums for all hours worked over forty in any week;

  B. Liquidated damages; and

  C. Attorney's fees and costs.

52. Plaintiff proposes the following collectives under the FLSA:

> **All Installation Technicians who worked over forty hours in any week within in the past three years.**

53. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

54. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

55. The members of the proposed FLSA collective are similarly situated in that they share these traits:

  A. They were paid a salary;

  B. They were classified as exempt from the overtime requirements of the FLSA;

  C. They had substantially similar job duties and requirements; and

    D.    They were not paid for hours worked over forty each week.

56. Plaintiff is unable to state the exact numbers of the collective but believes it exceeds 10 persons.

57. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

58. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

59. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.    FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

60. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

61. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

62. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

63. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

64. 29 U.S.C. § 207 requires employers to pay employees overtime wages of 1.5x the regular rate of pay for all hours worked over 40 each week, unless the employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

65. Defendant misclassified Plaintiff as exempt from the overtime

requirements of the FLSA.

66. Despite the entitlement of Plaintiff to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over forty each week.

67. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

68. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VII.   SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

69. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

70. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, et seq.

71. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

72. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

73. Defendant misclassified Plaintiff and other similarly situated employees as

exempt from the overtime provisions of the FLSA.

74. Defendant failed to pay Plaintiff and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week, despite their entitlement thereto.

75. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

76. Defendant knew or should have known that its actions violated the FLSA.

77. Defendant's conduct and practices, as described above, were willful.

78. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

79. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

80. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate

## VIII. THIRD CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

81. Plaintiff repeats and realleges all previous paragraphs of this Complaint as

though fully incorporated in this section.

82. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

83. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

84. Sections 210 and 211 require employers to pay employees a minimum wage for all hours worked up to 40 and to pay 1.5x regular wages for all hours worked over 40 in a week unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

85. Despite the entitlement of Plaintiff to lawful overtime wages under the AMWA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over 40 each week.

86. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

87. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint, pursuant to Ark. Code Ann. § 11-4-218.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Justin Savage respectfully prays that each Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E. An order directing Defendant to pay Plaintiff and others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**JUSTIN SAVAGE, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com