IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JUSTIN SAVAGE, Individually and on                                    PLAINTIFF
Behalf of All Others Similarly Situated

VS.                              NO. 6:21-cv-06119-SOH

UNITY SURVEILLANCE, INC.,                                          DEFENDANTS
and JONATHAN TERAUCHI

### DEFENDANTS' ANSWER
### TO ORIGINAL COMPLAINT—COLLECTIVE ACTION

Defendants Unity Surveillance, Inc. ("Unity") and Jonathan Terauchi

("Terauchi") (collectively "Defendants"), for their answer to Plaintiff's original

Complaint—collective action ("the Complaint"):

### I.     PRELIMINARY STATEMENTS

1.     Admit that Plaintiff purports to pursue claims individually and on

behalf of other similarly situated employees, but deny violating the Fair Labor

Standards Act (FLSA) or the Arkansas Minimum Wage Act (AMWA) in any respect

and therefore deny that Plaintiff is entitled to any relief or damages under the FLSA

or the AMWA, either individually or collectively. Defendants further deny that this

lawsuit should proceed as a collective action, deny that Plaintiff is similarly situated

to any other employees, and deny that certification of a collective action is proper in

this matter. Defendants otherwise deny the allegations in paragraph 1 of the

Complaint.

2.     Admit that Plaintiff purports to bring this action to seek certain relief

and damages under the FLSA and the AMWA, but deny violating the FLSA or the

AMWA in any respect and therefore deny that Plaintiff is entitled to any relief or damages under the FLSA or the AMWA, including the relief and damages requested. Defendants specifically deny any overtime violations under the FLSA or the AMWA, and otherwise deny the allegations in paragraph 2 of the Complaint.

3.      Deny violating the FLSA and the AMWA in any respect and otherwise deny the allegations in paragraph 3 of the Complaint.

## II.      JURISDICTION AND VENUE

4.      Admit that this Court has jurisdiction over this action, but deny any claim or implication that Defendants have violated the FLSA.

5.      Admit that the Complaint alleges AMWA violations and that this Court has supplemental jurisdiction over Plaintiff's AMWA claims only to the extent that they are so related as to form part of the same case or controversy under Article III of the United States Constitution, but deny violating the AMWA or the FLSA in any respect and otherwise deny the allegations in paragraph 5 of the Complaint.

6.      Admit that Defendant Unity conducts business in Arkansas, but deny the remaining allegations in paragraph 6 of the Complaint.

7.      Admit that venue is proper in this judicial district and that this Court has personal jurisdiction over Defendants, but deny all allegations of wrongdoing in the Complaint. Defendants state that they lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 7 of the Complaint because they do not know what Plaintiff defines as "'resides,'" and do not know what significance, if any, the quotation marks around the term have, and therefore deny the same.

8.     Admit that Unity formerly employed Plaintiff at its office headquartered in this judicial district and that venue is proper in this judicial district, but deny all allegations of wrongdoing in the Complaint. Defendants specifically deny that venue is proper in the Central Division of the Eastern District of Arkansas and otherwise deny the remaining allegations in paragraph 8 of the Complaint.

### III.    THE PARTIES

9.     State that they lack sufficient knowledge or information to admit or deny whether Plaintiff is a resident of Clark County as alleged in paragraph 9 (incorrectly listed as paragraph 10) of the Complaint and therefore deny the same.

10.     Admit the allegations in paragraph 10 (incorrectly listed as paragraph 11) of the Complaint.

11.     Admit the allegations in paragraph 11 (incorrectly listed as paragraph 12) of the Complaint.

12.     Admit the allegations in paragraph 12 (incorrectly listed as paragraph 13) of the Complaint.

13.     Admit that Unity's website is located at https://www.unitycore.us/. Defendants state that they lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 13 (incorrectly listed as paragraph 14) of the Complaint because Defendants do not know how Plaintiff defines "maintain" and therefore deny the same.

## IV.   FACTUAL ALLEGATIONS

14.    In response to the allegations in paragraph 14 (incorrectly listed as paragraph 15) of the Complaint, Defendants adopt, restate, and incorporate by this reference their responses to the foregoing paragraphs of the Complaint.

15.    Admit that Unity's business involves surveillance, security, and information technology services, among other things, but otherwise deny the allegations in paragraph 15 (incorrectly listed as paragraph 16) of the Complaint.

16.    Admit that Unity has clients located in multiple states across the country and that certain Unity employees perform services at some of those client locations, but otherwise deny the allegations in paragraph 16 (incorrectly listed as paragraph 17) of the Complaint.

17.    Admit that Terauchi is an officer of Unity, but otherwise deny the allegations in paragraph 17 (incorrectly listed as paragraph 18) of the Complaint.

18.    State that they lack sufficient knowledge or information to admit or deny the allegations in paragraph 18 (incorrectly listed as paragraph 19) of the Complaint because Defendants do not know what Plaintiff defines as "an active role" and therefore deny the same.

19.    Deny the allegations in paragraph 19 (incorrectly listed as paragraph 20) of the Complaint.

20.    Deny the allegations in paragraph 20 (incorrectly listed as paragraph 21) of the Complaint.

21.    Admit the allegations in paragraph 21 (incorrectly listed as paragraph 22) of the Complaint as to Unity, but otherwise deny the allegations in paragraph 21 (incorrectly listed as paragraph 22) of the Complaint.

22.    Admit the allegations in paragraph 22 (incorrectly listed as paragraph 23) of the Complaint as to Unity, but otherwise deny the allegations in paragraph 22 (incorrectly listed as paragraph 23) of the Complaint.

23.    Admit that Unity employed at least four employees during the stated time period, but otherwise deny the allegations in paragraph 23 (incorrectly listed as paragraph 24) of the Complaint.

24.    Admit the allegations in paragraph 24 (incorrectly listed as paragraph 25) of the Complaint as to Unity, but only to the extent that "all times relevant hereto" is defined as the period during which Plaintiff was employed by Unity. Defendants otherwise deny the allegations in paragraph 24 (incorrectly listed as paragraph 25) of the Complaint.

25.    Admit the allegations in paragraph 25 (incorrectly listed as paragraph 26) of the Complaint as to Unity, but otherwise deny the allegations in paragraph 25 (incorrectly listed as paragraph 26) of the Complaint.

26.    Admit that Plaintiff was employed with Unity during the stated period and that he was paid on a salary basis during his employment, but otherwise deny the allegations in paragraph 26 (incorrectly listed as paragraph 27) of the Complaint.

27.    State that they lack sufficient knowledge or information to admit or deny the allegations in paragraph 27 (incorrectly listed as paragraph 28) of the

Complaint because Defendants do not know to what "other salaried Installation Technicians" Plaintiff refers and therefore deny the same.

28.    Admit the allegations in paragraph 28 (incorrectly listed as paragraph 29) of the Complaint as to Unity, but only to the extent that "all times material herein" is defined as the period during which Plaintiff was employed by Unity. Defendants otherwise deny the allegations in paragraph 28 (incorrectly listed as paragraph 29) of the Complaint, and in particular deny that Defendants violated any of Plaintiff's rights under the FLSA, violated any law, or committed any wrongdoing.

29.    Admit that Plaintiff was properly classified as an exempt employee who did not receive overtime pay, but deny any claim or implication that Defendants have violated any law or committed any wrongdoing.

30.    State that they lack sufficient knowledge or information to admit or deny the allegations in paragraph 30 (incorrectly listed as paragraph 31) of the Complaint because Defendants do not know to what "other Installation Technicians" Plaintiff refers and therefore deny the same.

31.    Deny the allegations in paragraph 31 (incorrectly listed as paragraph 32) of the Complaint.

32.    State that they lack sufficient knowledge or information to admit or deny the allegations in paragraph 32 (incorrectly listed as paragraph 33) of the Complaint because Defendants do not know to what "Other Installation Technicians" Plaintiff refers and therefore deny the same.

33.    Admit that Unity hired Plaintiff, paid wages and provided certain benefits to him, maintained records relating to his employment and (in general terms)

set duties, appropriate protocols, and employment conditions. Defendants state that they lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 33 (incorrectly listed as paragraph 34) of the Complaint because Defendants do not know to what "other Installation Technicians" Plaintiff refers and therefore deny the same.

34.     Admit the allegations in paragraph 34 (incorrectly listed as paragraph 35) of the Complaint as to Unity, but only to the extent that "all times material hereto" is defined as the period during which Plaintiff was employed by Unity. Defendants state that they lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 34 (incorrectly listed as paragraph 35) of the Complaint because Defendants do not know to what "other Installation Technicians" Plaintiff refers and therefore deny the same. In particular, Defendants deny any claim or implication that they have violated any law or committed any wrongdoing.

35.     Admit the allegations in paragraph 35 (incorrectly listed as paragraph 36) of the Complaint as to Plaintiff, but deny any claim or implication that Defendants have violated any law or committed any wrongdoing. Defendants state that they lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 35 (incorrectly listed as paragraph 36) of the Complaint because Defendants do not know to what "other Installation Technicians" Plaintiff refers and therefore deny the same.

36.     Admit the allegations in paragraph 36 (incorrectly listed as paragraph 37) of the Complaint as to Plaintiff, but deny any claim or implication that Defendants have violated any law or committed any wrongdoing. Defendants state

that they lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 36 (incorrectly listed as paragraph 37) of the Complaint because Defendants do not know to what "other Installation Technicians" Plaintiff refers and therefore deny the same.

37. Deny the allegations in paragraph 37 (incorrectly listed as paragraph 38) of the Complaint as to Plaintiff. Defendants state that they lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 37 (incorrectly listed as paragraph 38) of the Complaint because Defendants do not know to what "other Installation Technicians" Plaintiff refers and therefore deny the same.

38. State that they lack sufficient knowledge or information to admit or deny the allegations in paragraph 38 (incorrectly listed as paragraph 39) of the Complaint because Defendants do not know to what "policies and processes" or "other Installation Technicians" Plaintiff refers and therefore deny the same.

39. State that they lack sufficient knowledge or information to admit or deny the allegations in paragraph 39 (incorrectly listed as paragraph 40) of the Complaint because Defendants do not know what Plaintiff defines as "rote and routine" or to what "other Installation Technicians" Plaintiff refers and therefore deny the same.

40. Deny the allegations in paragraph 40 (incorrectly listed as paragraph 41) of the Complaint as to Plaintiff. Defendants state that they lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 40 (incorrectly listed as paragraph 41) of the Complaint because Defendants do not

know to what "other Installation Technicians" Plaintiff refers and therefore deny the same.

41.    Deny the allegations in paragraph 41 (incorrectly listed as paragraph 42) of the Complaint as to Plaintiff. Defendants state that they lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 41 (incorrectly listed as paragraph 42) of the Complaint because Defendants do not know to what "other Installation Technicians" Plaintiff refers and therefore deny the same.

42.    Deny the allegations in paragraph 42 (incorrectly listed as paragraph 43) of the Complaint as to Plaintiff. Defendants state that they lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 42 (incorrectly listed as paragraph 43) of the Complaint because Defendants do not know to what "other Installation Technicians" Plaintiff refers and therefore deny the same.

43.    State that they lack sufficient knowledge or information to admit or deny the allegations in paragraph 43 (incorrectly listed as paragraph 44) of the Complaint because Defendants do not know to what "hardware" or "other Installation Technicians" Plaintiff refers and therefore deny the same.

44.    State that they lack sufficient knowledge or information to admit or deny the allegations in paragraph 44 (incorrectly listed as paragraph 45) of the Complaint because Defendants do not know what Plaintiff defines as "regularly" and therefore deny the same.

45.     State that they lack sufficient knowledge or information to admit or deny the allegations in paragraph 45 (incorrectly listed as paragraph 46) of the Complaint because Defendants do not know to what "other Installation Technicians" Plaintiff refers and therefore deny the same.

46.     Admit that Plaintiff was properly classified as an exempt employee who did not receive overtime pay, but deny any claim or implication that Defendants have violated any law or committed any wrongdoing. Defendants state that they lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 46 (incorrectly listed as paragraph 47) of the Complaint because Defendants do not know to what "other Installation Technicians" Plaintiff refers and therefore deny the same.

47.     Deny that Unity failed to pay any employees proper wages or overtime compensation and otherwise deny the allegations in paragraph 47 (incorrectly listed as paragraph 48) of the Complaint.

48.     Deny violating the FLSA or the AMWA in any respect and otherwise deny the allegations in paragraph 48 (incorrectly listed as paragraph 49) of the Complaint.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

49.     In response to the allegations in paragraph 49 (incorrectly listed as paragraph 50) of the Complaint, Defendants adopt, restate, and incorporate by this reference their responses to the foregoing paragraphs of the Complaint.

50.     Admit that Plaintiff purports to bring his FLSA claim on behalf of a collective, but deny that Plaintiff is similarly situated to any other employees and

deny that a collective action is proper in this matter. Defendants further deny violating the FLSA in any respect and therefore deny that Plaintiff or any putative collective members are entitled to any relief or damages under the FLSA, including the relief and damages requested, and otherwise deny the allegations in paragraph 50 (incorrectly listed as paragraph 51) of the Complaint and its subparagraphs A through C.

51.     Admit that Plaintiff proposes to represent an FLSA collective as defined in paragraph 51 (incorrectly listed as paragraph 52) of the Complaint, but deny that Plaintiff is similarly situated to any other employees and deny that the proposed collective definition is proper. Defendants further deny violating the FLSA in any respect and otherwise deny the allegations in paragraph 51 (incorrectly listed as paragraph 52) of the Complaint.

52.     Deny that Plaintiff has filed a written Consent to Join this lawsuit. Defendants state that they lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 52 (incorrectly listed as paragraph 53) of the Complaint and therefore deny the same.

53.     State that the allegations in paragraph 53 (incorrectly listed as paragraph 54) of the Complaint are legal conclusions to which no response is required. To the extent that the allegations in paragraph 53 (incorrectly listed as paragraph 54) of the Complaint are inconsistent with the provisions of the FLSA, which speak for themselves, those allegations are denied.

54.     Deny the existence of a putative collective, deny any overtime violations, and otherwise deny the allegations in paragraph 54 (incorrectly listed as paragraph

55) of the Complaint and its subparagraphs A, B, and C. Defendants further deny that Unity employed Plaintiff for a period of three years or longer and deny that Plaintiff would be entitled to any wages prior to his hire date.

55. State that the allegations in paragraph 55 (incorrectly listed as paragraph 56) of the Complaint require no response from Defendants. To the extent a response is required, Defendants deny the existence of a putative collective and deny any claim or implication that Defendants have violated any law or committed any wrongdoing.

56. Deny the existence of a putative collective and therefore deny the allegations in paragraph 56 (incorrectly listed as paragraph 57) of the Complaint.

57. Deny that a collective action is proper in this matter, deny the existence of a putative collective, and therefore deny the allegations in paragraph 57 (incorrectly listed as paragraph 58) of the Complaint.

58. Deny that a collective action is proper in this matter, deny the existence of a putative collective, and therefore deny the allegations in paragraph 58 (incorrectly listed as paragraph 59) of the Complaint.

## VI.   FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

59. In response to the allegations in paragraph 59 (incorrectly listed as paragraph 60) of the Complaint, Defendants adopt, restate, and incorporate by this reference their responses to the foregoing paragraphs of the Complaint.

60. Admit that Plaintiff seeks certain relief and damages under the FLSA, but deny violating the FLSA in any respect and therefore deny that Plaintiff is

entitled to any relief or damages under the FLSA, including the relief and damages requested. Defendants otherwise deny the allegations in paragraph 60 (incorrectly listed as paragraph 61) of the Complaint.

61.    Admit the allegations in paragraph 61 (incorrectly listed as paragraph 62) of the Complaint as to Unity, but only to the extent that "all relevant times" is defined as the period during which Plaintiff was employed by Unity. Defendants otherwise deny the allegations in paragraph 61 (incorrectly listed as paragraph 62) of the Complaint.

62.    Admit the allegations in paragraph 62 (incorrectly listed as paragraph 63) of the Complaint as to Unity, but otherwise deny the allegations in paragraph 62 (incorrectly listed as paragraph 63) of the Complaint.

63.    State that the allegations in paragraph 63 (incorrectly listed as paragraph 64) of the Complaint are legal conclusions to which no response is required. To the extent that the allegations in paragraph 63 (incorrectly listed as paragraph 64) of the Complaint are inconsistent with the provisions of the FLSA, which speak for themselves, those allegations are denied.

64.    Deny the allegations in paragraph 64 (incorrectly listed as paragraph 65) of the Complaint.

65.    Deny violating the FLSA in any respect and otherwise deny the allegations in paragraph 65 (incorrectly listed as paragraph 66) of the Complaint.

66.    Deny the allegations in paragraph 66 (incorrectly listed as paragraph 67) of the Complaint.

67.    Deny violating the FLSA in any respect, deny that Plaintiff is entitled to any relief or damages, including the relief and damages requested, and otherwise deny the allegations in paragraph 67 (incorrectly listed as paragraph 68) of the Complaint.

## VII.   SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

68.    In response to the allegations in paragraph 68 (incorrectly listed as paragraph 69) of the Complaint, Defendants adopt, restate, and incorporate by this reference their responses to the foregoing paragraphs of the Complaint.

69.    Admit that Plaintiff purports to bring an FLSA collective action on behalf of a collective, but deny that Plaintiff is similarly situated to any other employees and deny that a collective action is proper in this matter. Defendants further deny violating the FLSA in any respect and therefore deny that Plaintiff or any putative collective members are entitled to any relief or damages under the FLSA, including the relief and damages requested, and otherwise deny the allegations in paragraph 69 (incorrectly listed as paragraph 70) of the Complaint.

70.    Admit the allegations in paragraph 70 (incorrectly listed as paragraph 71) of the Complaint as to Unity, but only to the extent that "all relevant times" is defined as the period during which Plaintiff was employed by Unity. Defendants otherwise deny the allegations in paragraph 70 (incorrectly listed as paragraph 71) of the Complaint.

71.    State that the allegations in paragraph 71 (incorrectly listed as paragraph 72) of the Complaint are legal conclusions to which no response is

required. To the extent that the allegations in paragraph 71 (incorrectly listed as paragraph 72) of the Complaint are inconsistent with the provisions of the FLSA, which speak for themselves, those allegations are denied.

72.    Deny the allegations in paragraph 72 (incorrectly listed as paragraph 73) of the Complaint.

73.    Deny the allegations in paragraph 73 (incorrectly listed as paragraph 74) of the Complaint.

74.    Deny violating the FLSA in any respect and otherwise deny the allegations in paragraph 74 (incorrectly listed as paragraph 75) of the Complaint.

75.    Deny violating the FLSA in any respect and otherwise deny the allegations in paragraph 75 (incorrectly listed as paragraph 76) of the Complaint.

76.    Deny the allegations in paragraph 76 (incorrectly listed as paragraph 77) of the Complaint.

77.    Deny that Plaintiff is similarly situated to any other employees, deny that a collective action is proper in this matter, and deny that Plaintiff or any putative collective members are entitled to any relief or damages, including the relief and damages requested. Defendants otherwise deny the allegations in paragraph 77 (incorrectly listed as paragraph 78) of the Complaint.

78.    Deny violating the FLSA in any respect, deny that Plaintiff is similarly situated to any other employees, and deny that a collective action is proper in this matter. Defendants further deny that Plaintiff or any putative collective members are entitled to any relief or damages, including the relief and damages requested, and

otherwise deny the allegations in paragraph 78 (incorrectly listed as paragraph 79) of the Complaint.

79.   Deny violating the FLSA in any respect, deny that Plaintiff is similarly situated to any other employees, and deny that a collective action is proper in this matter. Defendants further deny that Plaintiff or any putative collective members are entitled to any relief or damages, including the relief and damages requested, and otherwise deny the allegations in paragraph 79 (incorrectly listed as paragraph 80) of the Complaint.

## VIII.  THIRD CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

80.   In response to the allegations in paragraph 80 (incorrectly listed as paragraph 81) of the Complaint, Defendants adopt, restate, and incorporate by this reference their responses to the foregoing paragraphs of the Complaint.

81.   Admit that Plaintiff seeks certain relief and damages under the AMWA, but deny violating the AMWA in any respect and therefore deny that Plaintiff is entitled to any relief or damages under the AMWA, including the relief and damages requested. Defendants otherwise deny the allegations in paragraph 81 (incorrectly listed as paragraph 82) of the Complaint.

82.   Admit the allegations in paragraph 82 (incorrectly listed as paragraph 83) of the Complaint as to Unity, but only to the extent that "all relevant times" is defined as the period during which Plaintiff was employed by Unity. Defendants otherwise deny the allegations in paragraph 82 (incorrectly listed as paragraph 83) of the Complaint.

83.     State that the allegations in paragraph 83 (incorrectly listed as paragraph 84) of the Complaint are legal conclusions to which no response is required. To the extent that the allegations in paragraph 83 (incorrectly listed as paragraph 84) of the Complaint are inconsistent with the provisions of the AMWA, which speak for themselves, those allegations are denied.

84.     Deny violating the AMWA in any respect and otherwise deny the allegations in paragraph 84 (incorrectly listed as paragraph 85) of the Complaint.

85.     Deny the allegations in paragraph 85 (incorrectly listed as paragraph 86) of the Complaint.

86.     Deny violating the AMWA in any respect, deny that Plaintiff is entitled to any relief or damages, including the relief and damages requested, and otherwise deny the allegations in paragraph 86 (incorrectly listed as paragraph 87) of the Complaint.

## IX.     PRAYER FOR RELIEF

87.     Deny that Plaintiff is entitled to any relief or damages, including the relief and damages requested in the "WHEREFORE" clause of the Complaint and its subparagraphs A through F.

## **GENERAL DENIAL**

88.     Deny each and every material allegation in the Complaint that is not specifically admitted in this answer.

## AFFIRMATIVE AND OTHER DEFENSES[1]

89.     State that the Complaint should be dismissed because it fails to state facts sufficient to constitute any cause of action against Defendants and fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) and any applicable state law.

90.     State that Plaintiff's claims and/or the claims of some or all of the putative collective members are barred in whole or in part by the applicable statute of limitations; laches; estoppel; unclean hands; election of remedies; waiver; the *de minimis* nature of any alleged violation; the failure to mitigate any alleged damages; accord and satisfaction; offset for any payment of wages that were made but not owed; their at-will employee status; and the after-acquired evidence doctrine.

91.     State that Plaintiff's claims and the claims of the putative collective members are barred because Unity has paid them all wages owed.

92.     State that Plaintiff's pay and the pay of any putative collective members were at all times in compliance with the applicable provisions of the FLSA and the AMWA.

93.     State that Plaintiff approved and ratified the actions complained of in the Complaint and is therefore barred from asserting any claims upon which he now seeks relief.

---

[1] By alleging any defense under this heading, Defendants in no way accept any burden of proof or persuasion where the law providing the defense places that burden on another party.

94.    State that Plaintiff is barred from bringing the Complaint, and each purported cause of action therein, and obtaining any relief pursuant to the claims alleged therein, by virtue of any of Plaintiff's affirmative misconduct.

95.    State that to the extent Plaintiff or any putative collective member was paid for time for which they were not performing work for Unity or were on call, if any overtime is owed, which allegation Defendants expressly deny, these amounts should not be included in the regular rate.

96.    State that Plaintiff's claims for overtime under the FLSA and the AMWA, and the claims for overtime of the putative collective members, are barred as a matter of law during any workweek in which Plaintiff or any other putative collective members did not work in excess of 40 hours per week.

97.    State that Plaintiff meets the requirements for exempt status under 29 U.S.C. § 213(a)(17) (computer employees) and/or 29 U.S.C. § 213(a)(1) (executive, administrative, or professional employees); Ark. Code Ann. § 11-4-203(3)(a) (same).

98.    State that Plaintiff's claims and/or the claims of some or all of the putative collective members are barred because any alleged acts or omissions by Defendants were in good faith conformance with applicable administrative regulations, orders, ruling approvals, or interpretation by the Administrator of the Wage and Hour Division of the U.S. Department of Labor or an administrative practice or enforcement policy of such agency and/or judicial orders and interpretations with respect to the class of employers to which Unity belongs.

99.    State that at all times relevant to this action, Defendants acted in good faith and had reasonable grounds to believe that their conduct with respect to

Plaintiff and the putative collective members, if any, was in full compliance with the FLSA and the AMWA.

100.    State that if Unity is found to have improperly classified Plaintiff or any putative collective member as exempt, which allegation Defendants expressly deny, then the claims of Plaintiff or any putative collective member fail to the extent that they lack sufficient evidence to prove, as a matter of just and reasonable inference, the amount and extent of the work they allegedly performed during their employment with Unity for which Unity allegedly did not properly compensate them.

101.    State that Plaintiff's claims and the claims of the putative collective members are barred as to all hours during which Plaintiff and any of the putative collective members were engaged in activities that were preliminary or post-liminary to their principal work activities or were otherwise not compensable working time.

102.    State that Plaintiff's claims and the claims of the putative collective members are barred as to all hours allegedly worked of which Defendants lacked actual or constructive knowledge.

103.    State that Plaintiff and the putative collective members are not entitled to some or all of the relief requested in the Complaint because such practices were not committed, countenanced, ratified, or approved by management in Unity's corporate structure.

104.    State that Plaintiff's claims and the claims of the putative collective members are barred to the extent they seek remedies beyond those provided for by the FLSA and/or the AMWA.

105.   State that Plaintiff's alleged damages and the alleged damages of the putative collective members, if any, were caused by their own actions or omissions, or the actions or omissions of third parties.

106.   State that the Complaint fails to state facts sufficient to certify a collective action under the FLSA.

107.   State that Plaintiff is not similarly situated to any of the putative collective members because, among other things, Unity has not implemented, maintained, or enforced any unlawful uniform policy or plan.

108.   State that Plaintiff's claims preclude certification of a collective action because the determination of liability for Plaintiff and each putative collective member would be highly individualized and would predominate over any trial.

109.   State that Plaintiff's claims are barred in whole or in part because he lacks standing to pursue those claims on behalf of himself and/or some or all of the putative collective members, and Plaintiff cannot adequately represent the interests of some or all of the putative collective members.

110.   State that to the extent Plaintiff states a claim against Defendants, Plaintiff's claims cannot be maintained as a collective action because Plaintiff is not an adequate collective action representatives and issues pertaining to Plaintiff are not sufficiently particular to any other putative Plaintiff.

111.   State that the Complaint fails to state any facts upon which liquidated damages may be granted and that Plaintiff and/or the putative collective members therefore are not entitled to any extension of the two-year non-willful statute of limitations period under the FLSA.

112.    Hereby give notice that Defendants intend to rely upon such other affirmative defenses as may become available or apparent during the course of discovery in this case and affirmatively assert and plead by reservation all Rule 12(b) defenses and Rule 8 affirmative defenses.

113.    Reserve the right to plead further and specifically reserve the right to file an amended answer or counterclaim.

WHEREFORE, Defendants Unity Surveillance, Inc. and Jonathan Terauchi respectfully request that the Court dismiss Plaintiff's original Complaint—collective action and award them costs, including reasonable attorney's fees, and all other proper relief.

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: jhorton@wlj.com; jkim@wlj.com

By _____
    Johnathan D. Horton (2002055)
    Jane A. Kim (2007160)

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 15, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Josh Sanford – josh@sanfordlawfirm.com

*Attorneys for Plaintiff*

_____
Jane A. Kim